IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHELLE LEE MARR,<br><br>Defendant. | 8:23–CR–214<br><br>MEMORANDUM AND ORDER ON THE DEFENDANT'S MOTION IN LIMINE |

The Government has charged defendant Michelle Lee Marr with second degree murder and tampering with documents or proceedings. Filing 1. The Government's evident theory of the case is that the defendant murdered her boyfriend Jesse Gilpin by blunt force trauma to the head and concealed this crime by applying makeup to his face. The Government provided notice of its intent to admit evidence of prior acts—specifically, instances where the defendant allegedly behaved violently toward the deceased victim or toward others—pursuant to Federal Rule of Evidence 404(b). Filing 65-1. The Government seeks to admit this evidence "to establish absence of mistake or lack of accident and to prove intent for Michelle's conduct on or about March 12, 2022," the date of the alleged murder. Filing 65-1. The defendant has filed a Motion in Limine, Filing 60, seeking to exclude this evidence of prior acts. The Court held an evidentiary hearing on the Motion on January 21, 2025, and ten witnesses for the Government testified.[1] For the reasons stated below, the defendant's Motion in Limine is granted in part and denied in part.

---

[1] At the hearing, the Government indicated that it was unable to produce one witness, Kyla Earth, due to her out-of-district incarceration. The Government states in its Rule 404(b) notice that it expects that this witness would testify that she observed the defendant striking the victim at a gas station. Filing 65-1. Counsel for the defendant advised that she had previously represented Ms. Earth on an unrelated matter and that a potential conflict existed. The Government advised that it would seek to obtain a written waiver of privilege from Ms. Earth. If the Government intends to have

1

## I. RULE 404(b) STANDARDS

Rule 404(b)(1) states the general rule that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," *i.e.*, to show propensity. However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible under Rule 404(b), evidence must be "(1) relevant to a material issue, (2) similar in kind and not overly remote in time to the crime charged, (3) supported by sufficient evidence to support a jury finding that the defendant committed the prior act, and (4) of probative value not substantially outweighed by its prejudicial effect." *United States v. Proto*, 91 F.4th 929, 932 (8th Cir. 2024) (citing *United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019)).

The Supreme Court has stated, "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). Because "the relevance of evidence depends on whether a fact exists," namely, whether the defendant committed the act or acts at issue, "proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). "In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." *Huddleston*, 485 U.S. at 690. "The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Id.*

---

Ms. Earth testify at trial, this waiver shall be filed no later than Friday, January 31, 2025, otherwise the Court will not permit Ms. Earth to testify.

For the second degree murder charge in this case, the Government must prove in relevant part that the defendant unlawfully killed the victim with malice aforethought. *See* Eighth Circuit Model Jury Instructions, 6.18.1111B. The Instructions define "malice aforethought" in relevant part as "an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life." Eighth Circuit Model Jury Instructions, 6.18.1111A-1. "Evidence of past crimes can be probative of a defendant's intent to commit a similar act," and "the relative probative value of prior crime evidence is increased by the fact that both offenses were associated with the same victim." *United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) (upholding admission of evidence of domestic abuse to show the defendant's intent to assault the victim); *see also United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020) ("Other acts of domestic violence involving the same victim are textbook examples of evidence admissible under Rule 404(b).").

## II. LEGAL ANALYSIS

The Court will summarize the testimony from the evidentiary hearing on January 21, 2025, for the purposes of ruling on the defendant's Motion in Limine. Before the hearing concluded, the Government indicated that it seeks to admit testimony regarding several alleged incidents. These alleged incidents, in the order they were discussed at the hearing, are as follows: first, the defendant repeatedly struck the victim in the face, causing his nose to bleed, during a Halloween party at the defendant's sister's house in October 2021; second, the defendant repeatedly uppercut the victim in the face at the defendant's house in February 2022; third, the defendant hit the victim with her car in February 2022; fourth, the defendant threw beer cans at the victim in July 2021; fifth, the defendant would strike a former romantic partner during their relationship; and sixth, the defendant

and the victim would have regular physical altercations when they consumed alcohol. *See* Filing 65-1.

Many of the witnesses are related to each other, to the defendant, or to the victim. Due to the number of witnesses sharing last names, the Court will refer to most witnesses by their first names. The Court heard testimony from the defendant's sister, Lisa Sheridan (Lisa), and Lisa's children, Corinne Gilpin (Corrine) and Eugene Gilpin (Eugene). The defendant's children, Jordan Marr (Jordan) and Clyde Marr (Clyde), also testified. The defendant's former romantic partner, Julius Morris (Julius) testified. The Court also heard from the victim's sister, Laurice Gilpin (Laurice), the victim's close friend, Keith Buchanan (Keith), and Keith's wife, Tiffany Buchanan (Tiffany). Finally, Officer Maxine Rice (Officer Rice) of Winnebago Law Enforcement testified.

### A. Punching in October 2021

Several witnesses testified about an instance in October 2021, where the defendant allegedly struck the victim in the face, causing his nose to bleed, during a Halloween party at the defendant's sister's house. Witness Corrine testified that her mother Lisa hosted a Halloween costume party in October 2021, and that the defendant and the victim attended. Corrine testified that she and everyone else, including the victim and the defendant, were drinking alcohol during the party. Corrine testified that Lisa and the defendant got into a verbal altercation, and Lisa asked the defendant to leave. Apparently unhappy that the victim did not wish to leave with her, the defendant struck the victim in the face three or four times, causing his nose to bleed profusely. Corrine testified that her boyfriend had to intervene to stop the defendant from striking the victim. This testimony was largely corroborated by Corrine's brother, Eugene, but there were some discrepancies between their testimonies. While Corrine testified that these events occurred in the late evening hours, Eugene's testimony indicated that these events occurred during the early

4

morning hours. In addition, Eugene testified that the defendant only struck the victim once, rather than repeatedly. Corinne's and Eugene's testimonies were consistent in that both witnesses testified that the defendant struck the victim in the face, causing bleeding.

The Court also heard testimony from the defendant's sister, Lisa, who hosted the party. After the verbal altercation but prior to the alleged punching, Lisa called the police to have the defendant—who would not leave Lisa's house after being asked—removed from the property. Lisa did not observe the striking, but she observed the aftermath—namely, blood on the victim. The officer who arrived at Lisa's house, Officer Rice, testified that upon arriving at Lisa's house, she observed the victim's injuries to the nose and lip, both of which were bleeding. After learning what happened from Lisa, Officer Rice tried to communicate with the victim, who refused to press charges or cooperate.

The Court concludes that this evidence is admissible under Rule 404(b) to show the defendant's intent. This evidence is "(1) relevant to a material issue" because the Government must prove the defendant's intent to "to take the life of a human being" or "to act in callous and wanton disregard of the consequences to human life." *Proto*, 91 F.4th at 932; Eighth Circuit Model Jury Instructions, 6.18.1111A-1. The evidence is also "(2) similar in kind and not overly remote in time to the crime charged." *Proto*, 91 F.4th at 932. The Government's evident theory of the case is that the defendant struck the victim in the head causing his death in March 2022. Evidence of the defendant striking the victim in the face in October 2021 is sufficiently similar and close in time. This evidence is "(3) supported by sufficient evidence to support a jury finding that the defendant committed the prior act." *Proto*, 91 F.4th at 932. The Court observed the conduct and demeanor of the witnesses and found them to be credible. While some of the testifying witnesses were consuming alcohol at the time of the events described, and the testimony is not entirely

consistent, there is sufficient corroboration to permit "the jury to reasonably find the conditional fact . . . by a preponderance of the evidence." *Huddleston*, 485 U.S. at 690. Finally, this evidence is "(4) of probative value not substantially outweighed by its prejudicial effect." *Proto*, 91 F.4th at 932. The Court acknowledges the prejudicial effect of evidence that the defendant previously engaged in violence against the same person she later allegedly murdered; however, such evidence is also highly probative of the defendant's intent—an element the government must prove in this case. Therefore, evidence of the punching in October 2021 is admissible to show the defendant's intent.

### B.  Punching in February 2022

Witness Keith, the victim's close friend, testified that he observed the defendant uppercut the victim while Keith was drinking alcohol with the victim at the defendant's house in February 2022. Keith stated that the defendant, without provocation, approached the victim, grabbed him by his sweater, and punched him in the face multiple times. Keith testified that he grabbed the defendant's arm to stop her from continuing to strike the victim. He further stated that the punches caused the victim's eye to swell. After this event, Keith testified that he and the victim then left the defendant's house.

Witness Tiffany, Keith's wife, testified that she then picked up Keith and the victim and brought them to her and Keith's house. Tiffany testified that Keith had called her asking for a ride because the defendant punched the victim. Tiffany observed swelling on the left side of the victim's face. Tiffany testified that after returning to her home with Keith and the victim, the defendant sent Tiffany threatening messages and subsequently went to Tiffany's house, where the defendant began violently banging on the door and yelling for the victim, prompting Tiffany to call law enforcement. The defendant left the property before Officer Rice arrived. Officer Rice

testified that she subsequently pulled over the defendant, whose son was driving, and that the defendant was intoxicated.

The Court concludes that the evidence of this prior punching is admissible under Rule 404(b) to show the defendant's intent. This evidence is "(1) relevant to a material issue" because the Government must prove the defendant's intent on her second degree murder charge." *Proto*, 91 F.4th at 932. The evidence is "(2) similar in kind and not overly remote in time to the crime charged," involving alleged violence against the same victim in the month before the charged crime. *Id.* The evidence is "(3) supported by sufficient evidence to support a jury finding that the defendant committed the prior act." *Id.* The Court observed the conduct and demeanor of the witnesses and found them to be credible, and the witnesses' testimonies tended to corroborate each other. The jury could "reasonably find the conditional fact," that is, the alleged prior punching, "by a preponderance of the evidence." *Huddleston*, 485 U.S. at 690. Finally, this evidence is "(4) of probative value not substantially outweighed by its prejudicial effect." *Proto*, 91 F.4th at 932. The Court acknowledges the considerable prejudice of this evidence to the defendant but concludes that it does not "substantially outweigh" the evidence's significant probative value in determining the defendant's intent. Therefore, evidence of the punching in February 2022 is admissible to show the defendant's intent.

### C.  Vehicular Battery in February 2022 and Throwing Beer Cans in July 2021

Witness Laurice, the victim's sister, testified to two separate instances at the evidentiary hearing. First, Laurice testified that in February 2022, the victim ran into her home with a bleeding leg. Laurice testified that the victim indicated that the defendant had struck him with her car. Laurice testified that this occurred in the late afternoon, but the Government indicated on redirect

that in July 2022 Laurice had told the Government's case agent, Special Agent Joel Feekes, that these events occurred at 3:45 a.m.

Second, Laurice testified that she observed the victim with a bruised face about a month prior to the car incident. Laurice further testified that the victim told her that the defendant had hit her with a full can of beer, presumably causing the bruising. Laurice testified that it was cold outside during the beer can incident, but the Government indicated on redirect that this event happened during the summer of 2021. *See also* Filing 65-1 ("Laurice also reported that in July of 2021, Jesse came to her home to escape from Michelle after Michelle had pulled his hair and threw beer cans at him.").

The Court concludes that this evidence is admissible under Rule 404(b) to show the defendant's intent. This evidence is "(1) relevant to a material issue" because, as previously discussed, the Government must prove the defendant's intent on her second degree murder charge. *Proto*, 91 F.4th at 932. The evidence is "(2) similar in kind and not overly remote in time to the crime charged" because these prior incidents also involve violence against the same victim in the months before the charged crime. *Id.* The evidence is "(3) supported by sufficient evidence to support a jury finding that the defendant committed the prior act." *Id.* While the witness's testimony was somewhat inconsistent with her prior statements to law enforcement, the jury could still "reasonably find the conditional fact . . . by a preponderance of the evidence" if it credits the witness's testimony. *Huddleston*, 485 U.S. at 690. The defendant may, of course, use these inconsistencies to impeach the witness's credibility. *See* Fed R. Evid. 613. Finally, this evidence is "(4) of probative value not substantially outweighed by its prejudicial effect." *Proto*, 91 F.4th at 932. The evidence is probative of the defendant's intent—a material issue—and the potential prejudice of this evidence does not "substantially outweigh" its probative value. Therefore,

8

evidence of the car incident and of the beer can incident is admissible to show the defendant's intent.

### D.  Striking Former Romantic Partner

Witness Julius, the defendant's former long-term romantic partner and father of one of her children, testified at the evidentiary hearing. Julius testified that he did not remember any physical violence during his relationship with the defendant—or much of anything at all—due to his severe alcohol abuse issues. Julius testified that Special Agent Feekes had reminded him of an incident where Julius had to receive medical attention for a split lip after the defendant had struck him. Julius testified that he did not remember the incident itself, but he did remember being in the hospital. Julius further testified that he remembered an incident where the defendant slapped the back of his head but indicated that it was not violent and instead intended to get his attention. He described physical contact incidents with the defendant as "horsing around." On cross-examination, Julius revealed that he moved in and began living with the defendant shortly after the victim died.

The Court concludes that this evidence is not admissible under Rule 403. The Court does not see the need to consider whether evidence from Julius is sufficiently "(2) similar in kind and not overly remote in time to the crime charged" or "(3) supported by sufficient evidence to support a jury finding that the defendant committed the prior act," *Proto*, 91 F.4th at 932, given the decision to exclude the evidence under Rule 403. The probative value of the testimony of this witness, who appears to have serious alcohol and memory problems, is minimal, and "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Therefore, this evidence is inadmissible.

### E.  General Physical Altercations

The final category of prior acts that the Government seeks to admit under Rule 404(b) is evidence of general pushing and physicality between the victim and the defendant. Witness Jordan, the defendant's daughter who lived with the victim and the defendant, testified that the victim and the defendant often drank, argued, and yelled at each other. Jordan further testified that she had observed pushing between the victim and the defendant, but Jordan distinguished the pushing from other instances of domestic abuse that Jordan had witnessed the defendant suffer at the hands of different men. Jordan testified that she only saw the defendant hit the victim once, and the only injury Jordan ever observed on the victim was a bruise on his cheek. It was unclear from the testimony when these events happened. Witness Clyde, the defendant's son who also lived with the victim and defendant, testified that he only saw pushing and shoving between the defendant and the victim, but never any striking. Clyde further testified that there were frequent physical altercations between the victim and the defendant. Finally, Clyde testified that the defendant and victim would have physical altercations nearly every time they consumed alcohol, which was very frequent.

The Court concludes that this evidence is admissible under Rule 404(b) to show the defendant's intent. This evidence is "(1) relevant to a material issue"—the defendant's intent. *Proto*, 91 F.4th at 932. The evidence is "(2) similar in kind and not overly remote in time to the crime charged." Both of the defendant's children who testified lived with the defendant and the victim in March 2022, when the victim died. The evidence of general violence is sufficiently similar to the crime of violence charged. The evidence is "(3) supported by sufficient evidence to support a jury finding that the defendant committed the prior act." *Id.* The Court observed the conduct and demeanor of the witnesses and found them to be credible, and a jury could "reasonably

find the conditional fact . . . by a preponderance of the evidence." *Huddleston*, 485 U.S. at 690. Finally, this evidence is "(4) of probative value not substantially outweighed by its prejudicial effect." *Proto*, 91 F.4th at 932. The frequent atmosphere of violence between the defendant and the victim is probative of the defendant's intent, and any potential prejudice of this evidence does not "substantially outweigh" its probative value. Therefore, evidence of these frequent physical altercations is admissible to show the defendant's intent.

### III. CONCLUSION

For these reasons, the defendant's Motion is granted in part and denied in part. The Court will admit the evidence of prior acts that the Government offered at the evidentiary hearing, except for the evidence that pertains to Julius Morris. Accordingly,

IT IS ORDERED:

1. The defendant's Motion in Limine, Filing 60, is granted in part and denied in part as set out above; and

2. Pursuant to discussion on the record at the motion in limine hearing, if the Government wishes to present evidence at trial from Kyla Earth, the Government must obtain and file a waiver of privilege no later than Friday, January 31, 2025, otherwise the Court will not permit Ms. Earth to testify.

Dated this 24th day of January, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

11